ALBERT B. SPONABLE, as Administrator, etc., of EMMETT T. SPONABLE, Deceased, Appellant, v. JAMES C. DAVIS, Director-General of Railroads, etc., Respondent.— Appeal dismissed unless ready for argument at the opening of the May term. Present — Hubbs, P. J., Clark, Sears, Crouch and Taylor, JJ.

MAUD C. GRAY and Others, Appellants, v. ISLAY V. H. GILL, Individually and as Executor, etc., of HARRY C GRAY, Deceased, and Others, Respondents.— Motion for leave to appeal to the Court of Appeals granted. Present — Hubbs, P. J., Clark, Sears, Crouch and Sawyer, JJ.

## FIRST DEPARTMENT, APRIL, 1928.

ROBERT HARFORD, Respondent, v. CHARLES A. STONEHAM and Another, as Partners, Trading under the Firm Name of CHARLES A. STONEHAM & CO., and Individually, Appellants, Impleaded with Others, Defendants.

Appeal from a judgment of the Supreme Court, entered in the New York county clerk's office on June 4, 1927, and also from the order dated June 9, 1927, and entered in said clerk's office.

PER CURIAM. The judgment and order are affirmed, with costs. While there are undoubtedly errors in the record, they are not sufficiently substantial to affect the result and, therefore, must be disregarded under Civil Practice Act, section 106, especially when considered in connection with the whole record, which shows so clearly a bold and deliberate conspiracy fraudulently to convert on a large scale. A new trial would, in our opinion, reach the same result. Present — Dowling, P. J., Merrell, Finch, McAvoy and Proskauer, JJ. Judgment and order affirmed, with costs.

JOHN DUNCAN, Respondent, v. CHARLES A. STONEHAM and Another, as Partners, Trading under the Firm Name of CHARLES A. STONEHAM & CO., and Individually, Appellants, Impleaded with Others, Defendants.

Appeal from a judgment of the Supreme Court, entered in the New York county clerk's office on June 25, 1927, and also from an order dated June 9, 1927, and entered in said clerk's office.

PER CURIAM. When this action is viewed in the light of a conspiracy to defraud (of which there was ample evidence to sustain the finding of the jury) resulting in transferring the obligation to the bankrupt and leaving the assets with the appellants, the alleged errors largely disappear. Those which remain must be disregarded for the reason stated in the opinion *per curiam* in the case of *Harford* v. *Stoneham* (*ante*, p. 820), herewith handed down. The judgment and order appealed from should, therefore, be affirmed, with costs. Present — Dowling, P. J., Merrell, Finch, McAvoy and Proskauer, JJ. Judgment and order affirmed, with costs.